IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA (Philadelphia)

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 13 |
| | : | |
| **MATTHEW P. LAYCHOCK** | : | Bankruptcy No. 22-11579-amc |
| | : | |
| **Debtor** | : | |

### MOTION OF NATIONAL CAPITAL MANAGEMENT, L.P. FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d) AND (e) AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 4001(a)

National Capital Management, L.P. ("NCM"), by and through its undersigned counsel, Friedman Schuman, P.C., moves this Court for relief from the automatic stay under 11 U.S.C. § 362(a) pursuant to 11 U.S.C. § 362(d) and (e) and Federal Rule of Bankruptcy Procedure 4001(a) (the "Motion"), and in support thereof of avers as follows:

### JURISDICTION

1. On June 16, 2022 (the "Petition Date"), Matthew Laychock (the "Debtor") filed a Voluntary Petition under Chapter 13 of Title 11 of the United States Code (the "Bankruptcy Code").

2. The above-captioned case is the fourth bankruptcy case filed by the Debtor since 2018, as follows: (1) Bky. No. 18-13546-jkf, filed on May 30, 2018, dismissed on November 14, 2018 (upon motion of the Standing Chapter 13 Trustee for failure to make plan payments); (2) Bky. No. 19-11175-jkf, filed on February 26, 2019, dismissed on October 30, 2019 (upon motion of the Standing Chapter 13 Trustee for failure to make payments and lack of feasibility of plan); and (3) Bky. No. 20-10540-jkf filed on January 29, 2020, dismissed on March 4, 2020, as a consequence of the Debtor's failure to file his Chapter 13 Plan, bankruptcy schedules, statement of financial affairs, and other required documents on or before February 28, 2020 as ordered.

Upon motion of NCM, by Order entered on May 13, 2020, the case was reopened and dismissed with a bar order for 180 days from May 13, 2020.

3. This contested matter arises under 11 U.S.C. § 362(d) and (e) and is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(G). This Bankruptcy Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§157(a) and 1334. The statutory predicates for the relief sought hereunder are §§105(a) and 362(d) and (e) of the Bankruptcy Code and Rule 4001(a) of the Federal Rules of Bankruptcy Procedure.

## BACKGROUND

**The Loan**

4. On or about November 20, 2013, NCM entered into a business loan transaction with Visceral Properties LLC (the "Borrower"), whereby NCM agreed to lend to Borrower the principal amount of Two Hundred Ten Thousand Dollars ($210,000.00) (the "Loan") in accordance with that certain loan agreement dated November 20, 2013, between Borrower and NCM (the "Loan Agreement"). A true and correct copy of the Loan Agreement is attached hereto, made a part hereof and marked as Exhibit "A."

5. The Loan is evidenced by, *inter alia*, that certain mortgage note dated November 20, 2013 (the "Note"), executed and delivered to NCM by Borrower by its duly authorized member. A true and correct copy of the Note is attached hereto, made a part hereof and marked as Exhibit "B."

6. In order to induce NCM to make the Loan to Borrower and as a credit enhancement, on or about November 20, 2013, the Debtor executed and delivered to NCM a surety agreement dated November 20, 2013 (the "Surety Agreement") evidencing his liability for

the obligations of Borrower to NCM under the Loan. A true and correct copy of the Surety Agreement is attached hereto, made a part hereof and marked as Exhibit "C."

7. As security for the Debtor's obligations under the Surety Agreement, the Debtor executed and delivered to NCM, *inter alia*, that certain open-end mortgage and security agreement dated November 20, 2013 (the "Mortgage") on certain real property and improvements thereon known as 521 Ryers Avenue, Cheltenham Township, Montgomery County, PA (the "Mortgaged Property"), which mortgage was duly recorded on November 22, 2013 with the Recorder of Deeds of and for Montgomery County in Mortgage Book 13716, page 00621 et seq. A true and correct copy of the Mortgage is attached hereto, made a part hereof and marked as Exhibit "D."

8. The Surety Agreement is further secured by that certain assignment of lessor's interest in leases and rents for the Mortgaged Property, dated November 20, 2013 (the "Assignment of Rents and Leases") was duly recorded with the Recorder of Deeds of and for Montgomery County. A true and correct copy of the Assignment of Rents is attached hereto, made a part hereof and marked as Exhibit "E."

9. On or about December 2, 2015, NCM and Borrower entered into that certain note modification agreement dated December 2, 2015 (the "Modification Agreement"), modifying the Note as set forth therein. A true and correct copy of the Modification Agreement is attached hereto, made a part hereof and marked as Exhibit "F."

10. The Debtor consented to the Modification Agreement, as evidenced by that certain affirmation of surety agreement dated December 2, 2015 (the "Affirmation of Surety Agreement – 2015"), a true and correct copy of which is attached hereto, made a part hereof and marked as Exhibit "G".

11. Pursuant to the express terms of the Modification Agreement, the Loan matured and was due and payable in full on November 20, 2016.

12. Thereafter, at the request of the Debtor and Borrower, NCM and Borrower entered into a Second Note Modification Agreement dated July 10, 2020 (the "Second Note Modification Agreement"). A true and correct copy of the Second Note Modification Agreement is attached hereto, made a part hereof and marked as Exhibit "H."

13. Pursuant to the express terms of the Second Note Modification Agreement, the Loan matured and was due and payable in full on November 20, 2021.

14. The Loan Agreement, Note, Surety Agreement, Mortgage, Assignments of Rents, Modification Agreement, Affirmation of Surety Agreement – 2015, Second Note Modification Agreement and all other documents, instruments and/or agreements executed in connection therewith, are sometimes collectively referred to hereinafter as the "Loan Documents".

**The Defaults**

15. Borrower is in default of its obligations to NCM under the Loan Documents as a consequence of, *inter alia*, its failure to make payment in full on the maturity date under the Second Note Modification Agreement of November 20, 2021.

16. The Debtor is in default of his obligations to NCM under the Loan Documents as a consequence of, *inter alia*, his failure to cure the defaults of the Borrower.

17. Moreover, the Debtor has failed to pay 2020, 2021 and 2022 real estate taxes for the Mortgaged Property, as stated in the tax certification prepared by Charles Jones (the "Tax Certification"). A true and correct copy of the Tax Certification is attached hereto, made a part hereof and marked as Exhibit "I."

18. Accordingly, as of June 16, 2022, the entire outstanding principal balance, accrued interest, late charges and fees and costs are immediately due and payable as follows:

| | |
|---|---:|
| Principal Balance | $78,957.81 |
| Interest Due Through 6/16/22 | $8,440.22 |
| Default Interest Due Through 6/16/22 | $3,169.29 |
| Late Fees | $547.04 |
| Maturity Fee | $3,947.89 |
| Legal Fees | $6,010.00 |
| Legal Costs | $5,109.45 |
| **TOTAL:** | $106,181.70 |

Interest continues to accrue at the per diem rate of $43.32 together with other fees and costs, including attorney's fees in accordance with the Loan Documents and applicable law. Pre-petition arrearages are the total indebtedness, as the Loan matured on November 20, 2021, and is due and payable in full.

## THE RELIEF REQUESTED AND THE REASONS THEREFOR

19. In relevant part, § 362(d) of the Bankruptcy Code provides as follows:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay (1) including the lack of adequate protection of an interest in property of such party in interest; (2) with respect to a stay of an act against property under subsection (a) of this section, if (A) the debtor does not have an equity in such property; and (B) such property is not necessary to an effective reorganization…

20. As set forth above, under 11 U.S.C. § 362(d)(1), a creditor may be granted relief from the automatic stay for cause, including a lack of adequate protection for its interest in the property. *See In re Biltwood Properties LLC*, 473 B.R. 70, 74 (Bankr. M.D. Pa. 2012). Relief also may be granted if the debtor has no equity in the property and the property is not necessary to an effective reorganization. *Id.*

21. The term "adequate protection" is not defined in the Bankruptcy Code. At a bare minimum, however, it means that a secured creditor must be given reasonable assurance that the value of its secured interest in an item of property is, and will continue to be, protected by the debtor. *In re Cooley*, 37 B.R. 590, 592 (Bankr. E.D. Pa. 1984).

22. Adequate protection comes in a variety of forms, including periodic payments, additional replacement liens, and other relief that provides the "indubitable equivalent" to the protections afforded to the creditor outside of bankruptcy. *In re Biltwood, supra.*

23. The debtor has the burden of proof on the adequate protection issue under §362(d)(2).

24. The Debtor has made no post-Petition payments and the Debtor's Chapter 13 Plan does not provide for any payments to NCM until the sale of the Mortgaged Property—which is to occur on or before December 31, 2022—despite the fact that the Loan matured over six months prior to the Petition Date.

25. Moreover, delinquent real estate taxes remain unpaid.

26. The Mortgaged Property is not necessary to an effective reorganization as the Mortgaged Property is not the Debtor's residence.

27. By reason of the forgoing, cause exists for entry of an order pursuant to § 362(d) of the Bankruptcy Code vacating the automatic state to permit NCM to exercise its rights and remedies with respect to Mortgaged Property, including without limitation proceeding with the sale of the Mortgaged Property.

## **CONCLUSION**

28. For the foregoing reasons, the entry of an order vacating the automatic stay for the purposes described herein is in all respects appropriate.

WHEREFORE, National Capital Management, L.P., respectfully requests the entry of an Order pursuant to 11 U.S.C. §362(d) and (e) and Federal Rule of Bankruptcy Procedure 4001(a) allowing National Capital Management, L.P. to exercise its rights and remedies with respect to the Mortgaged Property, including but not limited to the foreclosure and sheriff's sale of the Mortgaged Property, together with such other and further relief as is just and proper.

Respectfully submitted,

Dated:  July 21, 2022

_____
Leona Mogavero, Esquire
Friedman Schuman, P.C.
275 Commerce Drive, Suite 210
Fort Washington, PA  19034
Telephone:  (215) 635-7200
Facsimile:  (215) 635-7212
LMogavero@fsalaw.com
Counsel for National Capital Management, L.P.