**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA (Philadelphia)**

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 13 |
| | : | |
| **MATTHEW P. LAYCHOCK** | : | Bankruptcy No. 22-11579-amc |
| | : | |
| **Debtor** | : | |

**STIPULATED ORDER**

This Stipulated Order is made this 8th day of September, 2022, by and between Matthew P. Laychock ("Debtor") and National Capital Management, L.P. ("NCM"), by their respective counsel, as follows:

**BACKGROUND**

WHEREAS, on or about November 20, 2013, NCM entered into a business loan transaction with Visceral Properties LLC (the "Borrower"), whereby NCM agreed to lend to Borrower the principal amount of Two Hundred Ten Thousand Dollars ($210,000.00) (the "Loan") in accordance with that certain loan agreement dated November 20, 2013, between Borrower and NCM (the "Loan Agreement"); and

WHEREAS, the Loan is evidenced by, *inter alia*, that certain mortgage note dated November 20, 2013 (the "Note"), executed and delivered to NCM by Borrower by its duly authorized member; and

WHEREAS, in order to induce NCM to make the Loan to Borrower and as a credit enhancement, on or about November 20, 2013, the Debtor executed and delivered to NCM a surety agreement dated November 20, 2013 (the "Surety Agreement") evidencing his liability for the obligations of Borrower to NCM under the Loan; and

WHEREAS, as security for the Debtor's obligations under the Surety Agreement, the Debtor executed and delivered to NCM, *inter alia*, that certain open-end mortgage and security

agreement dated November 20, 2013 (the "Mortgage") on certain real property and improvements thereon known as 521 Ryers Avenue, Cheltenham Township, Montgomery County, PA (the "Mortgaged Property"), which mortgage was duly recorded on November 22, 2013 with the Recorder of Deeds of and for Montgomery County in Mortgage Book 13716, page 00621 et seq.; and

WHEREAS, the Surety Agreement is further secured by that certain assignment of lessor's interest in leases and rents for the Mortgaged Property, dated November 20, 2013 (the "Assignment of Rents and Leases") was duly recorded with the Recorder of Deeds of and for Montgomery County; and

WHEREAS, on or about December 2, 2015, NCM and Borrower entered into that certain note modification agreement dated December 2, 2015 (the "Modification Agreement"), modifying the Note as set forth therein; and

WHEREAS, the Debtor consented to the Modification Agreement, as evidenced by that certain affirmation of surety agreement dated December 2, 2015 (the "Affirmation of Surety Agreement – 2015"); and

WHEREAS, pursuant to the express terms of the Modification Agreement, the Loan matured and was due and payable in full on November 20, 2016; and

WHEREAS, thereafter, at the request of the Debtor and Borrower, NCM and Borrower entered into a Second Note Modification Agreement dated July 10, 2020 (the "Second Note Modification Agreement"); and

WHEREAS, pursuant to the express terms of the Second Note Modification Agreement, the Loan matured and was due and payable in full on November 20, 2021; and

WHEREAS, the Loan Agreement, Note, Surety Agreement, Mortgage, Assignments of Rents, Modification Agreement, Affirmation of Surety Agreement – 2015, Second Note Modification Agreement and all other documents, instruments and/or agreements executed in connection therewith, are sometimes collectively referred to hereinafter as the "Loan Documents"; and

WHEREAS, Borrower is in default of its obligations to NCM under the Loan Documents as a consequence of, *inter alia*, its failure to make payment in full on the maturity date under the Second Note Modification Agreement of November 20, 2021; and

WHEREAS, the Debtor is in default of his obligations to NCM under the Loan Documents as a consequence of, *inter alia*, his failure to cure the defaults of the Borrower; and

WHEREAS, the Debtor has failed to pay 2020, 2021 and 2022 real estate taxes for the Mortgaged Property, as stated in the tax certification prepared by Charles Jones (the "Tax Certification"); and

WHEREAS, as of June 16, 2022, the entire outstanding principal balance, accrued interest, late charges and fees and costs are immediately due and payable as follows:

| | |
|---|---:|
| Principal Balance | $78,957.81 |
| Interest Due Through 6/16/22 | $8,440.22 |
| Default Interest Due Through 6/16/22 | $3,169.29 |
| Late Fees | $547.04 |
| Maturity Fee | $3,947.89 |
| Legal Fees | $6,010.00 |
| Legal Costs | $5,109.45 |
| **TOTAL:** | $106,181.70 |

Interest continues to accrue at the per diem rate of $43.32 together with other fees and costs, including attorney's fees in accordance with the Loan Documents and applicable law. Pre-petition arrearages are the total indebtedness, as the Loan matured on November 20, 2021, and is due and payable in full; and

WHEREAS, as a consequence thereof, on or about July 21, 2022, NCM filed a Motion for Relief from the Automatic Stay Pursuant to 11 U.S.C. §362(d) and (e) and Federal Rule of Bankruptcy Procedure 4001(a) (the "Motion for Relief from Stay"); and

WHEREAS, on or about August 25, 2022, the Debtor filed a response to the Motion for Relief from Stay; and

WHEREAS, the parties to this Stipulated Order recognize the costs, inconvenience and uncertainty associated with pursuing and defending against the Motion for Relief from Stay and instead desire to settle their disputes on the terms and conditions set forth in the Stipulated Order.

AND NOW therefore, with the foregoing background deemed incorporated herein by this reference as if fully set forth at length, the parties hereto intending to be legally bound by this Stipulated Order, and in consideration of the mutual covenants and terms contained herein agree as follows:

1. The Debtor consents to the annulment of the automatic stay imposed by 11 U.S.C. §362(a) with respect to NCM to allow NCM to exercise its rights and remedies under the Loan Documents, including without limitation the enforcement of NCM's rights in the Mortgaged Property.

2. NCM agrees that it will forbear from taking any action with respect to the Mortgaged Property or against Debtor or his assets until the earliest of: (a) November 30, 2022; (b) an Event of Default under this Order; or (c) an event of default under the Loan Documents, other than the Specified Existing Defaults (the "Forbearance Termination Date"). Upon the Forbearance Termination Date, NCM may exercise all of its rights and remedies under the Loan Documents.

3. As an express condition of the forbearance hereunder, the Debtor shall do the following:

    (a) On or before October 15, 2022, the Debtor shall enter into a bona fide, written agreement of sale for the Mortgaged Property for a purchase price such that NCM will be paid in full from the proceeds of the sale pursuant to the agreement of sale and containing only the usual and customary contingencies.

    (b) On or before November 30, 2022, the Debtor shall make payment to NCM of the entire then outstanding Indebtedness.

    (c) The Debtor shall pay all real estate taxes currently due for the Mortgaged Property as and when due.

    (d) The Debtor shall maintain current casualty insurance on the Mortgaged Property in an amount and along such terms as are satisfactory to NCM, and upon NCM's request shall immediately provide NCM with evidence thereof.

    (e) The Debtor confirms and acknowledges that NCM is entitled to an allowed secured claim as set forth in NCM's Proof of Claim filed on August 1, 2022, and agrees not to file an objection or otherwise contest NCM's Proof of Claim.

Failure to comply with the foregoing conditions or with any of the other terms and conditions of this Order shall be an Event of Default under this Order.

4. Upon the occurrence of an Event of Default under this Order or an event of default under the Loan Documents other than the Specified Existing Defaults, NCM shall be

entitled to exercise all rights and remedies under the Loan Documents upon ten (10) days' email notice of default to Debtor's counsel at the email address set forth below and NCM's filing of a Certification of Default.

5. In consideration of the forbearance hereunder, the Debtor, for himself, his successors, beneficiaries, next of kin, assigns, executors, administrators, attorneys and agents, or any and all other persons who could claim through them, hereby unconditionally and irrevocably releases and forever discharges NCM, its insurers, investors, attorneys, employees, servants, subsidiaries, divisions, parent corporations, affiliates, successors, stockholders, officers, partners, members, agents, servicers and representatives, or any agent acting or purporting to act for it or on its behalf, from any and all claims, counterclaims, demands, damages, debts, liabilities, obligations, contracts, agreements, actions, causes of action, suits and costs, of whatever nature, character or description, whether known or unknown, suspected or unsuspected, anticipated or unanticipated, which the Debtor may have or claim to have against NCM and any other released parties arising out of or in connection with the Loan.

6. The relief from the automatic stay of 11 U.S.C. §362(a) granted hereunder shall extend to any subsequent bankruptcy filed by the Debtor within one hundred eighty (180) days following any dismissal of the above-captioned case.

7. This Order shall survive the conversion, dismissal or termination of this bankruptcy case, and shall be binding upon the Debtor and any Trustee presently acting or subsequently appointed to this or any subsequent bankruptcy case filed by the Debtor.

8. Nothing contained herein or any delay on the part of NCM in the exercise of any right or remedy hereunder shall operate or be construed as a waiver of any of NCM's rights

hereunder including, but not limited to, NCM's right to object to any plan of reorganization filed by the Debtor.

9. This Stipulated Order may be executed in any number of counterparts, each of which shall be deemed to be an original, but all of which together shall constitute but one and the same document.

IN WITNESS WHEREOF, the parties hereto have authorized their counsel to execute this Stipulated Order this 8th day of September, 2022.

/s/ Leona Mogavero, Esquire
Leona Mogavero, Esquire
Friedman Schuman, P.C.
275 Commerce Drive, Suite 210
Fort Washington, PA 19034
lmogavero@fsalaw.com
Attorney for National Capital Management, L.P.

/s/ David M. Offen, Esquire
David M. Offen, Esquire
The Curtis Center
601 Walnut Street, Suite 160 West
Philadelphia, PA 19106
Attorney for Matthew P. Laychock

APPROVED and so ORDERED this _____ day of _____, 2022.

BY THE COURT:

**Date: September 9, 2022**

_____
Honorable Ashely M. Chan, U.S. Bankruptcy Judge

Copies to:

David M. Offen, Esquire
The Curtis Center
601 Walnut Street, Suite 160 West
Philadelphia, PA  19106

Scott F. Waterman, Chapter 13 Trustee
2901 St. Lawrence Avenue
Suite 100
Reading, PA  19606

Leona Mogavero, Esquire
Friedman Schuman, P.C.
275 Commerce Drive, Suite 210
Fort Washington, PA  19034

United States Trustee
Office of United States Trustee
900 Market Street, Suite 320
Philadelphia, PA 19107